The first case today is number 23-2062, Meredith O'Neil et al. v. the Canton Police Department et al. At this time, would counsel for the appellants please introduce themselves on the record to begin? Mark John McIsaac, and Shane Martin Coleman, on the panel. Okay, good morning, counsel. Before you start, let me just note for the record that the three judges were familiar with the underlying situation in Canton involving Karen Reed and why there's the protest, so you need not rehash that. That's been spelled out in your brief, so I would ask that you go directly to your arguments. And we, of course, want to hear, first of all, regarding the mootness argument. Okay. Well, jumping right into mootness, Your Honor, I do not agree with the government's contention that it is moot. Counsel, before you start, your brief seems to show a misconception. The only issue on appeal is the denial of the emergency relief. The district court did not dismiss the action. It is still pending below. On the record before us, the only question is whether the emergency appeal, your arguments, have been mooted by intervening events. Okay? Thank you, Judge Lynch. Okay. And addressing that, my clients do still intend to protest. They have properly pled that. While they had a specific date of, I want to say, November 12th, I have that date off by one day or two. Forgive me. Nevertheless, they did plead that they intended to protest thereafter. They did not. Correct?  Due to fear of harassment by the police, fear of arrest, fear of prosecution. Right. And the charges that were brought against some of your clients, that is, let me back up. Not all of the plaintiffs are abetting from the denial of emergency relief. Of your clients who chose to take the appeal, one of them, as I understand it, had no charges brought against her from the November 5th protest. In the interim, those charges were brought after the district court denied your request for emergency relief. After that, the state court dismissed all of those charges for lack of probable cause. Okay? So those aren't in front of us. The alleged intention to engage in a protest on November 12th, your clients chose not to so protest. So I think all we're left with is your statement and your client's statement submitted to this court that they do intend to engage in some form of undefined protest with undefined facts, which may or may not occur before or during the retrial. Okay? So address that issue. Our client's intent to engage in protest and what the relief we're seeking from the court is cabined to the protest that they've already engaged in. They're not asking for something more than that. There was conduct beyond that. I'm sorry. You are now asking for emergency relief to enjoin what? There are no past events left to enjoin. No, your honor. But the future events, we do not have any assurances from the government which bears the burden of showing mootness for the relief sought that they do not intend to arrest our clients or do not intend to harass our clients. Go ahead. And the police have stated they have the intent to appeal those determinations of a lack of probable cause.  They said they were investigating whether they could appeal. So is there anything to supplement the record on that point? I think the best supplement to the record that could be made... Has there been an appeal? No, Judge Lynch. There has not been. The best supplement to the record would be a statement from them at this point that they would not molest my clients if my clients engaged in the same activity. So far... What do you mean the same activity? Obviously, whatever happened on November 5th, whatever happens in the future will not be identical to that. There will be variations in the facts. I think on a philosophical level, yes, Judge Lynch. What do you mean? What I mean is I'm not saying within a degree of mathematical certainty that everyone will stand in the exact same place, say the exact same words at the exact same environmental steps. That's obviously not going to happen. Correct. But they will be the same people with the same signs, standing in generally the same area across four lanes of traffic from the largest intersection in Canton, Massachusetts. But I think maybe that's your problem. If we take a step back, what I think you're asking us to do is to interpret how the Massachusetts statute will apply to that future protest conduct. And so I guess I'd ask you, I think that's exactly what you're asking us to do. And if you then think and could answer this question, how would we go about doing that? How would we go about deciding whether this statute will apply or not apply to future conduct of your clients? By looking at the past conduct, Judge Montecalvo. The past conduct. If we were here saying we want an injunction stopping them from stopping any protest, that would be improper. I couldn't ask for that. If we were asking for relief that would say that any signs, if there's a sign, hypothetically, if somebody were to show up at that protest with a sign saying we're going to firebomb your business, of course that would be outside of what they've already done. They're just looking to repeat what they did when they were harassed by the police, what they were charged for, which they will not back down from. So maybe what you're asking us to do is to say if the conduct is exactly the same as it was in the past, then we'll grant injunctive relief. That would be accurate, yes. But what do we do with the if? And going along those lines, wouldn't that be an advisory opinion at this point? I don't believe it would be. They intend to engage in the exact same conduct. If that conduct is protected by an injunction, then that conduct is protected by an injunction. But they go beyond that. They start throwing objects or doing something beyond that that wouldn't be covered under the injunction. But as Judge Lynch said, the way this appeal gets here, this is an emergency appeal for that particular incident, which took place already, whether this could have been heard before or whatever, we're here and it's been a while since that happened. And then the case is still open below, and can't you go back to, I assume you can go back to Judge Casper, and there may be a factual record, there may be other matters that are not on the record before us. But, again, this is not like a final judgment appeal. It's an emergency appeal. So that's the situation we have. Yes. If this is remanded to Judge Casper for an evidentiary hearing. Well, if this is dismissed. On the contrary, why would we do that? Why have an evidentiary hearing about past events? You were the ones who, the day you filed suit, you sought emergency relief before there was any discovery, and the district court, as a result, ruled on what you had alleged in your complaint. Why would we remand for an evidentiary hearing? Hypothetically, if you did. No, no, no. If it's moot, the action, the appeal would be dismissed. You still have a case below. The appeal is no longer in existence. That would be your scenario. But what I'm saying is the case is alive below somewhere. There's no judgment there. So this doesn't preclude you. If this case is moot, this appellate case, it wouldn't preclude you, I assume, or I'm asking you, from seeking any further remedy, respectively, from Judge Casper. If this were, so if I understand your inquiry. Because we have before us an emergency appeal. That's the only thing. If we decide it's moot, there's no appeal pending, you still have, I believe, a case below in the district court because there's no final judgment. Right. Well, we still have, I believe, errors of law below that should be corrected, namely the interpretations of 13A and 13B vis-à-vis the First Amendment. In this circumstance. You now want us to conclude that we should interpret that absent any actual facts as to what the future protests in light of the changed circumstances will do? You know we can't do that. Could you please elaborate what you mean is the changed circumstances, Judge Lynch, because I'm not understanding. The witness has testified there will be a retrial. It will look different. Your clients may choose, if they continue to engage in protest activity, to do it in a slightly different way. We don't know any of those things. There is no factual record here. If they intend to protest, why not come up with something definite, go back to the district court. It has not at this point dismissed the case. You have a live case in the district court. Your Honor, I'll address the multiple parts of that. The fact that the witness has testified I don't think changes the analysis. Why not? His testimony is now on record. Your clients said that the purpose of the protest was to try to influence his testimony. He has testified. He's on the record as to what his testimony is. They may have influenced it. Maybe they didn't. But that's a different circumstance. He's still a witness in a live case, Your Honor, so I don't know that that would legally change anything. Of course it changes things. We don't decide things in the abstract. Let me ask a little different question. Something that can also happen is that your clients meet with the chief of police, and I've seen this in Puerto Rico where I'm from. There's a lot of protest, and in the past it was chaotic. There were a lot of First Amendment cases. In the last, you know, maybe 10 years or so, every time there's a big protest, they speak with police, and you can protest right here, you can protest there, and you know exactly if you don't like whatever agreement you're able to reach or not able to reach, then you're in a better position. But these are the sort of things that also could be resolved by an agreement, can't they? Perhaps, Your Honor. I don't want to get into 408 discussions, but I can say that I don't have optimism that that could happen, but also that sounds an awful lot like doing it in reverse. I mean, we don't ask the government for permission as to whether or where we can speak or assemble. We presumptively can in this public forum, and the government has the burden of saying you can't do that. The suggestion was not that you were compelled to do so, but as I understand the affidavit from the police chief, as to any number of protests, there is a discussion, and the discussion frequently works out any issues. That's another change circumstance. Are you saying we're just flatly unwilling to talk to the city of Canton as to any future protests? I'm not going to make a representation about what my clients really won't do. No, of course you won't, because it's not in your clients' interest that you do that. But I would address that at least hypothetically by saying yes, that I can't think of anything more constitutionally uncomfortable than the notion that my clients need to have a discussion with the government before they protest the government. As I just told you, and as Judge Healthy framed it, there is no requirement that you do so. Okay, so I'm answering your question, would we refuse to do that? And I would have to say, as a constitutional advocate, yes. Are you saying now that regardless of what the city of Canton has offered? Let's assume the city says, let's meet tomorrow. We have a very good proposal. It's almost identical to what you're doing the first time, but it's going to be 30 feet to the left of where you're going to do it, and we'll actually protect you, and things like that happen. Sure, if they want to stop me in the hallway and say that after this, we'd probably withdraw our appeal. So, yes, we would be very reasonable about it. Let me add, if this case is moved on appeal, you're back before Judge Casper. There is no impediment. Judge Casper, as a district judge, could say, I want the parties to mediate with X mediator and see if you can resolve that. That could also happen. It could be, again, they can't force you to settle, but the district court, and when I was a district judge, I had constitutional issues. Of course, for a district judge, you'd like things to get settled, so many times you sent a mediator or a magistrate judge to see if it can get settled, and many times it's favorable to everybody. We would be thrilled to do that, Your Honor. The problem is the government's current interpretation of the law and the way that it is enforcing the law is if there's a protest and any witness can be found anywhere that can see it, their interpretation is if it's in the line of sight of anywhere that you can find a witness, you're in violation, and they've not backed down from that. If they're prepared to back down from that, yeah, we can probably resolve not only the appeal, but resolve the entire case. But we have been so far unsuccessful in getting any accommodation, even after the state court found there was no probable cause that the statute was violated. So my clients still operate under fear of arrest or harassment by the government if they stand at the busiest intersection in Canton and hold up protest signs. Can I just circle back to one thing we discussed 5 or 10 minutes earlier, which is this witness that your clients are protesting about. That witness has now testified under the penalty of perjury. That witness may or may not be called as a witness at the next trial, right? We don't know that. I think you said to Judge Lynch, well, none of this matters, but it seems to me that the testimony of that witness changes the circumstances that we're dealing with. How does that not? I think your stance is this is all a red herring. It just doesn't matter. I do think so. I'm grappling with why it doesn't matter. Because it wasn't simply that it was this witness. It's where any witness can be found. So if this witness has family members who are witnesses, that pizza parlor is a place where some of the witnesses gather. Well, we still have the same problem here. And I don't know, as a matter of criminal procedure in the state court, whether anybody is going to come and testify again. If they want to say his testimony is set so we're not going to bother you, at any point if they want to say we're not going to bother you, you can protest now, well, then this is easy. This appeal and this entire case is probably mooted. But at the very least, the appeal is mooted. But the power is really in their hands. So I'd like to reserve the rest of my time for rebuttal. Okay. You have two minutes for rebuttal. Okay. Thank you. Thank you, counsel. At this time, counsel, for the appellees, please introduce yourself on the record to begin. Thank you, Your Honor. Doug Lewis and with me is Attorney Joe Mangiano for the defendant appellees, the Canton police and the town and the five individually named. Getting right to what the court last shall be first, the mootness issue, I think the court's questions are precisely on point. And the record supports the determination that this appeal is now moot because of the circumstances that have continued. And without getting into all of the record that the court has already advised it's aware of, this one instance, which happened in November of 2023, has long passed. And as the court solicited and we provided a supplemental affidavit from the police chief, there has been an extraordinary level of protests going on in the streets and in the public ways and in the public facilities of Canton. I would suggest rather than this being somehow a suppression of First Amendment, the circumstances in Canton under this extraordinary case has been a triumph of the balancing of the First Amendment with the interest of the government. You strayed from mootness to the merits. I do. All right. The court has identified certain circumstances. The fact that the witness has testified. The fact that there is no assurance one way or the other that the witness will be called again. Precisely. The dismissal of the charges for lack of probable cause. What other changed circumstances are there which you contend make the appeal from the denial of the emergency relief motion moot? It is moot, Your Honor, and thank you for redirecting me. The circumstances, because it's all in the past, and everything else that plaintiff appellants speak to is theoretical and potentially in the future, which renders it moot because the circumstances, as the court has pointed out, there is a live action still remaining in the district court. There is a claim for damages. There is a claim that will remain if something happens theoretically in the future. There is a second criminal case. I think the appellant would say, well, this is all going to play out again. We know the time. We know the place. All the witnesses at trial are going to be the same, and we know roughly exactly what the substance of the protest will be. So why is it moot? It's moot because, well, one, there's this leap of presumption that somehow the enforcement of Chapter 268 is, in and of itself, an unconstitutional violation, which it's not. No court has determined that the enforcement of the witness harassment statute, potentially in the future for some unknown conduct by the plaintiffs, which we don't know what that could look like, is somehow automatically going to be a violation of their First Amendment rights. That statute exists lawfully on the books to prevent the undue influencing of witnesses. The plaintiffs have said, we were planning on targeting that witness then. And it's like, let's not kid a kid here. The public streets are very open for all these protests, which were, in fact, utilized. They went to the place of employment of the family business of this one witness. You're back on the merits. I am on the merits. Well, yes, they are. There is nothing. We don't know what's going to happen in the future. That is what renders this moot and the just disability issue before this court. We don't know what could happen. We don't know that the conduct of which they speak that they would have engaged in. Excuse me. You do know, was it the Superior Court which dismissed the judges or the district court? I'm sorry, on the applications? Yes. District court. There was application. All right. And you do know that the state courts have said on the evidence that your officers thought sufficed did not suffice? Under those circumstances. Yes. All right. So that is also a changed circumstance. I don't understand the plaintiffs to be suggesting that your officers would knowingly violate the interpretation of law from the state courts.  And again, attached to going to the mootness point question, the chief's affidavit that we supplied to the court said it is not the practice and it is not the policy of this department to prevent protests from standing out on the sidewalk with a sign that is within the eyesight of a potential witness. So everything else. And then she went on to how much protests have been going on and to the court's earlier question to counsel, there has been regular meetings and cooperation between the police department, the police chief, and protesters, whether it's these plaintiff protesters or others. I'm sorry. What do you mean with these plaintiffs? Have you actually met with counsel or these plaintiffs? Has your police chief met? To target these particular plaintiffs' conduct? No. She has met with anyone who is coming. All right. Then reframe. Do I hear that the police chief would be willing to meet with these protesters? She has expressed willingness to. Okay. She's not targeting these protesters. Drop the word target, please. Yes. She has not in the past met with them. I'm not going to get into why or why not, but she, in the affidavit, expresses a willingness to meet with any group, including this group, who wants to protest on the streets. Absolutely. Your Honor, and her conduct and her statement, the affidavit, has indicated she has repeatedly met with any and all protesters, and I can't say one way or another whether that included these plaintiff protesters, in coordinating and permitting their public access. Why can't you say that? I just don't know. You're a lawyer. Why wouldn't you know? Because she has met with so many. There have been so many protests and so many pickets that we don't know. This is the only case in federal court, I believe. Yes, Your Honor, and I don't mean to minimize her interest in this case, but that during the extraordinary period of going on in this small town, in this small police department, that's been a deluge of protests, which she has permitted and the police and the government has continued to permit going on, but for one time advising that, hey, targeting a witness in front of his place of employment may constitute a violation of the witness intimidation statute. That, I don't think, comes anywhere close to a violation of the rights. But to the mootness issue, we don't know what's going to happen in the future. You cannot, I don't suggest this court should say to police, we are going to hamstring your future potential ability to enforce a valid law over conduct that we don't know what that conduct is going to be. That would be a hamstringing of appropriate law enforcement that I think is an overreach by this court and a request that makes no sense. We don't know what's going to happen. It could be perfectly fine conduct. It could be just like the conduct was before and nothing happens. Or it could be something extraordinary that requires the government's interest in protecting witnesses. That statute exists. We've sort of asked the opposing counsel, if this matter is moot, which is what we wanted you to argue, there's still a live case. There's no impediment that you prospectively, whoever the plaintiffs are, let's meet with the police chief and her attorney. Let's maybe reach a happy medium. Again, I draw it from my example. Back home, I had a police consent decree. And many times what would happen is the police are there to, of course, protect the witness if necessary, but also to protect the public. So sometimes what would happen back home would be, you know, we're going to protect the protesters here. There's going to be policemen who are there to support, protect them, and policemen protecting, you know. There's 100 million alternatives. But, again, it's not at this court right now. We have to deal with that below. Or, as I mentioned, the judge might say, I'm going to send this to magistrate judge or to mediation, which there's a pending case. And that's what I would suggest adds to the argument that it's moot, because if there is a future potential theoretical violation of their rights to protest, then there's a form immediately pending below in the district court before Judge Casper with damages claims already asserted under its first count under 1983. And so we cannot say in this court that just this stability issue. The damages claim are not at issue in this appeal. No, not at all. But my point being there is a pending live action that is both the emergency. I got your point. Thank you. I apologize. And, of course, the case below, plaintiffs can file, you know, when they need to, an amended complaint or a second amended complaint. There's no impediment. There's no impediment to come back in for an emergency order before Judge Casper in the district court if some future unknown conduct rises to the level of needing protection. But this court, we don't know. No one can predict what's potential. And that's what renders this matter moot at this stage. It's the court below appropriately did the analysis. The future moved on. That's back almost a year ago or close to a year ago. November was the discussed potential protest area. Protests have continued since then, and we don't know what the potential conduct is. And when is the proposed trial date? It's January next year? I believe it's January of next year. So for all purposes, the parties would still have October, November, December, at least 90 days or probably more, maybe close to 100 days to, you know, maybe resolve this matter or act in the district court below. Absolutely. I mean, the resolution of this matter is right now, as I pointed out, there's a damages claim. The court has already ruled, the district court has already done its analysis of the need for an emergency restraining order. And let me ask you, I think this is obvious, but if this appeal is moved and let's assume nothing else were to happen, they still have the damages claim. There's probably going to be discovery of some rejuvenate. It might even go to trial. Anything that can happen at trial can happen or in a litigation.  And we don't know, again, I'm not anticipating any wrongful violations of the First Amendment by the Canton police, but if that were to happen theoretically in the future, there is the remedy that is available. Let me also add, and it's something maybe the rebuttal counsel wants to mention, if the case is back before Judge Kasper and there's discovery, there's going to be summary judgment motions. It's going to go to trial. At some other point, it doesn't preclude counsel based on a factual record from challenging the statute to pass conduct for purpose of damages. It's going to come up at some other point. Am I correct? That's absolutely correct. I mean, I think the district court correctly applied the Ford test for the emergency restraining order. Without discovery. Yeah, but without the discovery. But the record before and under that Friday that they ran into court seeking that injunction for the next day. But the court did do an analysis of likelihood success on the merits, so it did touch on the substance of whether that's a violation that the witness intimidation statute is kind of facing. But it's for that limited record. For that limited record at that time for what they were talking about at that time. And, again, to the mootness question, down the line, if something occurs between now and this January date for the criminal trial to proceed again, something happens. That forum is already in place to review the conduct. But to ask this court. I think you rely a lot on Ramey versus Gary, the Supreme Court case. Would you agree that we have a closer call here in that – I'm saying Ramey. Maybe it's Ramey. I don't know how to say it. In Ramey they said, I intend to support a candidate in the future, right? But they didn't have – I think they didn't have an elector or a candidate in mind. And the Supreme Court said, well, not just this, right? But here we have time, place, and we know content. How would you distinguish our character? And, again, the affidavit of the police chief has said, the content, it's as applied. This is an as-applied analysis because they're talking about what the people are actually doing. And so that agrees with strict scrutiny analysis, which we're now getting to the merits. But I think we still succeed on the as-applied. There is a compelling government interest in particular. Counsel, have you read SBA? The question was addressed to the Supreme Court opinion in SBA, which on different facts found that there was standing. So – Yes. All right. Could you address that question? Is there standing? There could be standing, I guess, under SBA. Sure. But it depends on the timing of the circumstances. Okay. Thank you. Okay. Anything else, Counsel? No. No, Your Honor. Thank you. Okay. Thank you. Two minutes rebuttal. Counsel Randazza. Please do reintroduce yourself on the record to begin. Thank you. Mark John Randazza for the appellants. May it please the Court. I appreciate my friend's arguments. And one of the terms that he used was that it would hamstring law enforcement to tell them that they would have to avoid certain actions. I agree. That's what I'm asking for. I'm asking you to hamstring law enforcement. What we brought to the Court's attention was unconstitutional harassment and intimidation of protesters by the government. The lower court held as a matter of law that what they did was that page nine of the opinion was narrowly tailored to serve a compelling governmental interest. It ruled that that was constitutional. So as Judge Monticello, I think, identified, in this circumstance, we know where we're going to protest. We know when we're going to protest. We know the content of what we're going to do. The government has taken the position that that is against 13A and 13B. And my client's speech has been chilled for nearly a year because my clients are not willing to risk being locked up and thrown in jail or arrested for doing that. Are you asserting that the Canton Police Department would assert there was probable cause for the same conduct which the local court has said did not constitute probable cause? And if so, what is the basis for that argument? I think it was so obviously unconstitutional at the time that... You're not replying to my question. Yes, I believe they would. We are still chilled by the threat of... What do you rely on for the assertion that the Canton Police Department has a pattern of violating state court orders that these circumstances do not constitute probable cause? I do not have a state... You do not, correct? Your Honor, if I may finish that thought. I do not, but past conduct, when a government aid entity so blatantly violates the First Amendment, I don't think that we should take them at their word that they won't. And when we've asked them specifically... Is that what the district court held? The state district court, is that what it said or did it just say this doesn't amount to probable cause? I believe it was limited that this is not probable cause, Your Honor. But when it is... When we are in a situation like this where my clients have had past intimidation by the government and they have even today flatly refused to say if they engage in that same conduct, same place, same word, same manner, that they'll just leave them alone. I could stand up right now and withdraw my appeal if they were willing to do that. If you'd like to call them back up here to ask them that, I wouldn't object. Let me ask you one last 20-second question. Let's assume this matter is moved. You're back before Judge Casper. You still have a damages trial. You may amend the complaint. But let's assume you have that concern. Isn't, you know, and this is something when I was a district judge, you know, it's done frequently. You could ask the judge for limited discovery or expedite, not limited, expedite discovery. And again, she would have a better factual record and there's going to be some protest. And as I mentioned to opposing counsel, you still have probably about 100 days left before the scheduled trial. So isn't that an option? It may be an option with respect to factual deficiencies, but still the legal error that I think Judge Casper made here was in saying that what they did in the first place was constitutional. If what they did in the first place was constitutional based on that factual record, I don't know that there's discovery that could change that. No, she didn't hold that. She held that to get emergency relief, you have to show likelihood of success on the merits and that at that point, you had not shown that. That's all the district court held. Your Honor, respectfully. It was not a ruling. It was not a final ruling. Okay, thank you. Thank you, Judge. Okay, your exchange. Okay, have a good day. Let's call the next case. Yes, Judge. Thank you, counsel.